**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| OPTICAL AIR DATA SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N17C-05-619 EMD CCLD |
| v. | ) | |
| | ) | |
| L-3 COMMUNICATIONS | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING OPTICAL AIR DATA SYSTEMS, LLC'S
MOTION TO REOPEN AND FOR NEW TRIAL**

Upon consideration of the Optical Air Data Systems, LLC's Motion to Reopen and for New Trial (the "Motion") filed by Plaintiff Optical Air Data Systems, LLC ("Optical Air"); L-3's Response to Optical Air's Second Rule 59 Motion (Captioned Motion to Reopen and for New Trial) (the "Response") filed by Defendants L-3 Communications Corporation, Display Systems Division, and L-3 Communications Avionics Systems, Inc. (collectively, "L-3");[1] the Decision after Trial entered on December 5, 2019 (the "Decision");[2] the entire record of this civil action; and the Court having determined that a hearing on the Motion is not necessary, the Court finds and holds as follows:

1.      This is a civil action assigned to the Complex Commercial Litigation Division of the Court. The Court conducted a five-day bench trial (the "Trial").[3] The Court then had both parties submit their closing arguments in written form.[4] On October 24, 2019, Optical Air filed a

---

[1] In the Response, L-3 provides that L-3 Communications Corporation merged with Harris Corporation on June 29, 2019 to form L3 Harris Technologies, Inc. For simplicity purposes, L-3 asks that the Court continue to refer to the company as L-3. *See* Resp. at 1, n. 1.

[2] Capitalized terms not defined in this Order will have the meaning ascribed to them in the Decision.

[3] D.I. No. 181.

[4] D.I. Nos. 188, 189, 190, 193, 194.

Motion to Supplement the Record.[5] After a communication from the Court to the parties, Optical Air withdrew the Motion to Supplement the Record.[6] The Court then issued the Decision on December 5, 2019.[7]

2. On or about December 19, 2019, Optical Air filed the Motion.[8] Through the Motion, Optical Air asks the Court to reopen the trial record on the "issues" raised in the Motion.[9] Optical Air contends that newly discovered evidence obtained in a separate proceeding obliges the Court to "revisit its defamation analysis, thereby likely changing the outcome of the case."[10]

3. L-3 opposes the Motion. L-3 contends that the Court should deny the Motion for because Optical Air's purported new evidence: (i) is cumulative; and (ii) would not change the Court's decision. In the body of the Response, however, L-3 does not address the defamation cause of action. Instead, L-3 addresses its arguments to the Court's rulings on the contractual issues.

4. Superior Court Civil Rule 59(a) ("Rule 59") applies here. Rule 59(a) provides:

(a) Grounds. – A new trial may be granted as to all or any of the parties and on all or part of the issues in an action in which there has been a trial for any of the reasons for which new trials have heretofore been granted in the Superior Court. On a motion for a new trial in an action tried without a jury, the Court may open the judgment, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.[11]

---

[5] D.I. No. 198.
[6] D.I. No. 200. As communicated to the parties, the Court never read or considered the Motion to Supplement the Record.
[7] D.I. No. 201.
[8] D.I. No. 206. Optical Air also filed a motion for reargument under Civil Rule 59(e). D.I. No. 203.
[9] Mot. at 6.
[10] *Id*. at ¶ 13.
[11] Del. Super. Civ. R. 59(a).

2

When the motion for a new trial is not accompanied by affidavits, the opposing party may serve and file a short answer to each ground asserted in the motion.[12] The Court then determines, from the motion, opposition and, if applicable, affidavits, whether: (i) a new trial should be granted or denied; or (ii) oral argument on the motion is necessary.[13]

5. Whether to grant a new trial lies in the discretion of this Court.[14] Delaware law directs that the Court exercise its discretion to achieve the end goal of avoiding injustice.[15] On a motion to grant a new trial, Court must determine that the verdict is manifestly and palpably against the weight of the evidence, or for some reason justice would be miscarried if the decision were to stand.[16]

6. Optical Air contends that it has newly discovered evidence that supports a reopening of the record and/or a new trial.[17] Under Delaware law, new trials based on additional evidence or newly discovered evidence are not favored by the Court.[18] The law is clear that a party is required to make the "fullest possible preparation of the case before trial."[19] A party requesting a new trial based on new evidence must show that the evidence came to its knowledge only *after* the trial and that even if the party exercised reasonable diligence, the party could not have discovered such evidence for use in the trial.[20] Further, this new evidence must be so material and relevant that it would *probably* change the result of the trial.[21]

---

[12] *Id.* at 59(b).
[13] *Id.*
[14] *Zutrau v. Jansing*, 2014 WL 6901461, at *4, n. 31 (Del. Ch. Dec. 8, 2014).
[15] *Id.*
[16] *McCloskey v. McKelvey*, 174 A.2d 691, 693 (Del. Super. 1961).
[17] Mot. at ¶¶ 12-13.
[18] *See, e.g., In re Missouri-Kansas Pipe Line Co.*, 2 A.2d 273, 277 (Del. 1938); *In re Bulat*, 2008 WL 4694593, at *1 (Del. Com. Pl. Sept. 24, 2008).
[19] *Id.*
[20] *Id.* at 278.
[21] *Id.*

7.     In the Motion, Optical Air contends that Gulfstream did not produce prior to the Trial certain e-mails that have since been produced by Gulfstream in an arbitration proceeding.[22] Optical Air does not contend that L-3 took any actions to limit or impede discovery with respect to Gulfstream. Moreover, no one claims that L-3 made any misrepresentations in discovery, hid evidence or committed spoliation.

8.     Optical Air believes that follow up discovery based on this "new evidence"—

> …should reveal the parties' interpretations of the intellectual property license provisions (as contrasted from the business terms, e.g., period of exclusivity) purportedly in conflict, an issue the Court is undecided on. *See, e.g.,* [Decision] at 67. If such conflict were found conclusively not to have existed, the Court would be impelled to revisit its defamation analysis, thereby likely changing the outcome of the case.[23]

9.     This Court finds that Optical Air has not met its burden to demonstrate cause exists to grant a new trial on its defamation claim (Count 11).[24] The Court finds Optical Air's Motion troubling. The Court first cautioned Optical Air at a hearing in 2018 about these claims and the need to develop the record.[25] The Court then re-addressed the issue in a Memorandum Opinion:[26]

> Despite an opportunity for discovery, [Optical Air] does not provide much factual detail regarding [Optical Air's] Defamation Count. At the Hearing, the Court narrowed the purported defamatory statements to those statements made to the CEO of Gulfstream's parent, General Dynamics. As stated on the January 18, 2019 telephone conference, the Court will allow [Optical Air] to proceed on Count 11 but only as to statements made to the CEO of Gulfstream's parent, General Dynamics. *The Court needs to state, however, that defamation claims are fact intensive and [Optical Air] needs to substantially develop the record in order to prevail.*[27]

---

[22] Mot. at ¶¶ 9-11.
[23] *Id*. at ¶ 13.
[24] Count 11 is Optical Air's defamation cause of action. *See* Decision at 2.
[25] D.I. No. 175.
[26] D.I. No. 180.
[27] *Optical Air Data Sys., LLC. V. L-3 Comm'ns Corp.*, 2019 WL 328429, at *8 (Del. Super. Jan. 23, 2019)(emphasis added).

The Court clearly made it incumbent on Optical Air to develop the factual record. Despite this, Optical Air does not seem to have expended much energy or diligence with respect to discovery relating to Gulfstream or General Dynamics. Moreover, Optical Air knew that a communication between Dan Nale and Jeffrey Hausmann existed, but did not press Gulfstream to produce that communication or seek to depose Mr. Hausmann.[28]

10. Finally, as presented by Optical Air, the Court is unclear how this purported new evidence would demonstrate that the Decision, as to Count 11, is manifestly and palpably against the weight of the evidence, or for some reason justice would be miscarried if the decision were to stand. The evidence at the Trial did not demonstrate that Gulfstream actively represented to anyone that it did not have rights in the relevant intellectual property.[29] This new evidence seems to relate more to Gulfstream's motives and not that it was representing to L-3 that it had no rights to the intellectual property—*e.g.*, hypothetically, a Gulfstream executive saying…"we told L-3's representatives that there is no issue here and we have no overlapping rights in the technology so we do not know why L-3 would terminate its agreement with Optical Air over it."

11. For the reasons set forth above, the Motion fails to demonstrate that Optical Air is entitled to a new trial or to have record reopened on Counts 10 and 11. The Motion is, therefore, **DENIED**.

**IT IS SO ORDERED**.

Dated: May 21, 2020
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

---

[28] Mot. at ¶¶ 5-8.
[29] *See, e.g.,* Decision at ¶ 165.

5